IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES LYNN WRIDE,

    Plaintiff,                                 CV F 05 0486 AWI WMW PC

    vs.                                            ORDER

FRESNO COUNTY, et al.,

    Defendants.

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

This action proceeds on the October 9, 2007, second amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Pleasant Valley State Prison, brings this civil rights action against defendant Officers at the Fresno County Jail. Plaintiff sets forth claims of excessive force and deliberate indifference to his medical care.

<u>Excessive Force</u>

Plaintiff was arrested and booked into the Fresno County Jail on June 1, 2004. On the ride to the jail, Plaintiff had spit on the police officers transporting him. While at the jail, Plaintiff alleges that John Doe defendants subjected Plaintiff to excessive force. Specifically, Plaintiff alleges that:

|   |   |
|---|---|
| 1 | As I was on the floor of the cell on my kneew and my hands behind |
| 2 | by back, the Door to the cell I was in came open and in came officers John Doe 1,2,3,4 and 5, (the best of my ability), I |
| 3 | remember that officer John Doe 1, came through the door and entered the cell and with him came officers John Doe 2,3,4, and 5. |
| 4 | Officer John Doe 1, kicked me in the stomach and knocked me |
| 5 | back, then officers John Doe 2,3,4 and 5, began to hit and kick me repeatedly.  I was hit and kicked by officers John Doe 1,2,3,4, and 5, in the stomach, the back, the kidney area, in the back of the legs, |
| 6 | back of the head, in the buttock, and as well as other places. |
| 7 | Then officers John Doe 1,2,3,4, or 5, I'm not sure which of the officers out of the officers John Doe 1,2,3,4, and 5, it was, but I |
| 8 | was face down on the floor of the holding cell and one of the said officers set on my buttock and grabbed my head and forced my |
| 9 | head back so far, that I heard, and felt, my bones, and/or joints pop and crack. |

Am. Compl., 4:6-17.

<u>Medical Care</u>

Plaintiff further alleges that:

After that, the officers involved in said incident, left the cell and left me on the floor.  Things were kind of fuzzy, so I'm not sure of how long it was before two officers came into the holding cell I was in and brought with them a heavy chair.  The officers then picked me up and put me in the chair and strapped me into the chair.  They put straps around my neck, arms, wrist, and ankles.  I was strapped to the chair for what seemed to me about 4 hours, while sitting in the chair with the restraints.  A red haired female officer (a Sergeant), came into the cell where I was restrained in the chair and said to me, 'if your ready, and will behave, I'll get you out of that chair and get you housed.' I said ok, and I was released from the chair.

At that point, I was in great pain, and could not stand up on my own.  The red haired officer (Sergeant), asked me if I was all right, and seen that I was greatly injured and in a lot of pain, and had me placed in a wheel-chair and taken to the second floor of the Fresno County Jail.  (The Medical floor).

Once on the floor, x-rays were taken of my back, neck, shoulder (I am not aware if other x-rays were taken).  There may have been, I'm not sure, it was then decided by medical staff of the Fresno County Jail, whom worked on/or about the date of 6/1/04, to place me on the Medical Floor, and to give me anti-flamitories for the swelling of my injuries.

Plaintiff alleges that after 30 days on the medical floor, the anti-inflammatory medication was stopped.  After 60 days, Plaintiff was cleared to be moved from the medical floor to general population.  Plaintiff was moved by Sergeant Haagen.  Plaintiff advised Haagen that he had not

2

been cleared to move by a doctor. Sergeant Haagen responded that his orders were to move Plaintiff. Plaintiff asked for his wheelchair. Haagen denied his request to keep the wheelchair, and wheeled Plaintiff to his cell. Plaintiff was lifted on to his bunk by his cellmates.

On July 29, 2004. as Plaintiff tried to get off of his bunk, he fell and "broke my leg in 5 places." Plaintiff was transported to an outside hospital for treatment and returned to the jail. On August 13, 2004, Plaintiff was transported to an outside hospital for surgery. Plaintiff spent the next 14 months on the medical floor. Plaintiff was confined to a wheelchair until May 10, 2007. He must use a cane to get around.

In order to state a § 1983 claim for violation of the Eighth Amendment based on inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Plaintiff must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991).

The requisite state of mind for a medical claim is "deliberate indifference." Hudson v. McMillian, 112 S.Ct. 995, 998 (1992); Wilson, 111 S.Ct. at 2323. Deliberate indifference is present "when prison officials deny, delay or intentionally interfere with medical treatment," or it may be shown "by the way . . . prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992) (cites omitted). While neither negligence nor medical malpractice is sufficient to violate the Eighth Amendment, a plaintiff is not required to show a complete failure to provide medical treatment. Rather, "deliberate indifference" may be shown by conduct amounting to a total failure to competently treat a serious medical condition, even if some treatment is prescribed. See, Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989).

Liberally construed, the second amended complaint states a claim for relief as to the Doe

defendants. As to Sergeant Haagen, the facts alleged indicate that Haagen was acting pursuant to orders, and was unaware of a serious risk to Plaintiff's health. Further, the only conduct charged to Haagen is that he transported Plaintiff to his cell in his wheelchair.

The complaint states a claim for relief for excessive force and deliberate indifference as to the John Doe defendants. Plaintiff does not, however, identify the Doe defendants. Because Plaintiff is proceeding in forma pauperis, the court must appoint the United States Marshal to serve each defendant with a summons and complaint. Fed. R. Civ. Pro. 4(c)(2). However, the Marshal cannot locate and serve unidentified defendants.

Within thirty days of the date of service of this order, Plaintiff shall provide the court with further information to assist the Marshal in serving defendants. If Plaintiff can remember any other details that might assist the court and the Marshal, Plaintiff shall so inform the court.

IT IS SO ORDERED.

**Dated:   March 20, 2008**         /s/  **William M. Wunderlich**
UNITED STATES MAGISTRATE JUDGE