# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LYNN WRIDE,<br><br>          Plaintiff,<br><br>   v.<br><br>FRESNO COUNTY, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:05-cv-00486-AWI-SMS PC<br><br>ORDER DISCHARGING ORDER REQUIRING PLAINTIFF TO SUBMIT FURTHER INFORMATION WITHIN THIRTY DAYS, AND OPENING DISCOVERY FOR LIMITED PURPOSE OF ALLOWING PLAINTIFF TO IDENTIFY DEFENDANTS<br><br>(Doc. 74)<br><br>ORDER REQUIRING PLAINTIFF TO FILE STATUS REPORT ON OR BEFORE JANUARY 15, 2011 |

      Plaintiff James Lynn Wride, a state prisoner proceeding in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 13, 2005. This action is currently proceeding on Plaintiff's second amended complaint, filed October 9, 2007, against five John Doe Sheriff's Deputies for using excessive physical force against Plaintiff in 2004 at the Fresno County Jail. 28 U.S.C. § 1915A.

      To date, Plaintiff has been unable to provide information on the identities of the Doe defendants, which precludes the United States Marshal from initiating service of process. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3). The most recent order addressing this issue was filed on September 29, 2009. In that order, the Honorable Gary S. Austin opened limited discovery and directed Plaintiff to submit further information on the defendants' identities within thirty days.

///

1

Plaintiff was warned that if he failed to do so, the Court would recommend dismissal of the action. Fed. R. Civ. P. 4(m).

Plaintiff is now represented by counsel. Accordingly, it is HEREBY ORDERED that:

1. The order filed on September 29, 2009, is discharged;

2. Discovery is opened for the limited purpose of allowing Plaintiff to identify the Doe defendants; and

3. Plaintiff shall file a status report on or before January 15, 2011.[1]

IT IS SO ORDERED.

**Dated:   September 23, 2010**            **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court anticipates that by that date, Plaintiff will have identified the Doe defendants and filed a third amended complaint naming them or will be able to provide sufficient information regarding the status of the investigation into the defendants' identities to allow the Court to set a deadline for filing a third amended complaint. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).