KEVIN B. BRIGGS
 County Counsel
MICHAEL R. LINDEN
 Deputy County Counsel – State Bar No. 192485
FRESNO COUNTY COUNSEL
2220 Tulare Street, 5th Floor
Fresno, California 93721
Telephone: (559) 488-3479
Facsimile: (559) 488-1900

Attorneys for the County of Fresno

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| JAMES LYNN WRIDE,<br><br>               Plaintiff,<br><br>v.<br><br>FRESNO COUNTY, et al.,<br><br>               Defendants. | Case No. 1:05-CV-00486 AWI SMS(PC)<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED by, among, and between the COUNTY OF FRESNO (hereinafter "the County") and plaintiff JAMES LYNN WRIDE (hereinafter "Plaintiff"), that certain documents sought pursuant to Plaintiff's Notice of Deposition, served by mail on the Fresno County Counsel's office on October 18, 2010, will be produced subject the following Protective Order:

    1.    The disclosed documents designated as "confidential" shall be used solely in connection with the civil case entitled *James Lynn Wride v. Fresno County, et al.*, United States District Court Case No. 1:05-CV-00486 AWI SMS (Eastern District of California), and in the preparation and trial of this action, and any related proceedings. No waiver of any objection to the admissibility of the documents subject to the instant

PDF created with pdfFactory trial version www.pdffactory.com

protective order should be implied. The County also is not waiving any objection previously set forth to the aforementioned Notice of Deposition.

2. The "confidential" documents and materials are identified as follows:

Exhibit 1 – Fresno County Jail Report No. 0407353 (2 pages).

3. Documents or materials designated under this Stipulated Protective Order may only be disclosed to the following persons:

    a) William L. Schmidt, counsel for Plaintiff;

    b) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subpart (a) directly above, including stenographic deposition reporters or videographers retained in connection with this action;

    c) Court personnel including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial of the civil action;

    d) Any expert, consultant, or investigator retained in connection with this action;

    e) The finder of fact at the time of trial, subject to the court's rulings on *in limine* motions and objections of counsel.

4. Each recipient of documents or materials identified above, shall be provided with a copy of this Stipulated Protective Order, which he or she shall read prior to the disclosure of the documents or material. Upon reading this Stipulated Protective Order, such person shall acknowledge in writing that he or she has read this Stipulated Protective Order and shall abide by its terms. Such person must also consent to be subject to the jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding related to the enforcement of this Stipulated Protective Order, including, without limitation, any proceeding for contempt. Provisions of this Stipulated Protective order, insofar as the restrict disclosure and use of the material, shall be in effect until further order of this Court. Plaintiffs' counsel shall be

PDF created with pdfFactory trial version www.pdffactory.com

responsible for internally tracking the identities of those individuals to whom copies of the documents or materials are given.

5. The production of documents and materials indentified above is without prejudice to the right of any party to oppose the admissibility of the designated information.

6. Copies of "Confidential" Documents

The following procedures shall be utilized by the parties in production of documents and materials designated "confidential" and identified above:

    a) Plaintiff's counsel shall receive one copy of the documents or materials designated as "confidential" above.

    b) Plaintiff's counsel shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in the "confidential" documents to any source except those individuals to whom disclosure is permitted pursuant to paragraph 3, supra, without further order of the Court or authorization from counsel for Defendants.

7. Notwithstanding the provisions of paragraph 3 of this Stipulated Protective Order, documents or materials designated as "confidential" and produced pursuant to this Stipulated Protective Order may not be delivered, exhibited, or otherwise disclosed to any reporter, writer, or employee of any trade publication, newspaper, magazine, or other media organization.

8. Should any documents or materials designated "confidential" and identified above be disclosed, through inadvertence or otherwise, to any person or entity not authorized to receive it under this Stipulated Protective Order, the disclosing person(s) shall promptly:

    a) Inform counsel for the defendants of the recipient(s) and the circumstances of the disclosure, and

    b) Use best efforts to bind the recipient(s) to the terms of the Protective Order. Documents shall not lose their confidential status due to an unauthorized disclosure.

PDF created with pdfFactory trial version www.pdffactory.com

9. After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced, designated "confidential" and identified above will remain confidential. All documents and materials produced pursuant to this Stipulated Protective Order shall be returned to counsel for defendants in a manner in which counsel will be able to reasonably verify that all documents were returned.

All parties shall also ensure that all persons to whom documents or materials designated "confidential" and identified above were disclosed shall be returned to counsel for the defendants. The conclusion of this litigation means a termination of the case following trial, settlement, dispositive motion, or the exhaustion of all appeals.

10. No later than 30 days of settlement or of receiving notice of the entry of an order, judgment, or decree terminating this action, or the exhaustion of all appeals, all persons having received the documents or materials designated "confidential" and identified above shall return said documents to counsel for the defendants.

11. If any party appeals a jury verdict, or order terminating the case, Plaintiff's counsel shall retain possession of all documents or materials designated "confidential" pending final outcome of the appeal after which they shall be returned to counsel for the defendants.

12. This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons after this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court, or any Court having jurisdiction of an appeal of this action. After this action terminates, any party may seek to modify or dissolve this Stipulated Protective Order by Court order for good cause shown or by the parties' stipulation.

13. The Court shall retain jurisdiction, even after this lawsuit terminates, (a) to make such amendments, modifications, and additions to this Protective Order as it may from time to time deem appropriate upon good cause shown and (b) to adjudicate any dispute respecting improper use or disclosure of "confidential" material.

PDF created with pdfFactory trial version www.pdffactory.com

**IT IS SO STIPULATED.**

Dated: November 15, 2010

                                          KEVIN B. BRIGGS
                                        County Counsel

                                  By:    /s/ Michael Linden
                                          Michael R. Linden, Deputy
                                          Attorneys for the County of Fresno

Dated: November 15, 2010

                                          LAW OFFICE OF WILLIAM SCHMIDT

                                  By:    /s/ William Schmidt
                                          William L. Schmidt
                                          Attorney for Plaintiff

**IT IS SO ORDERED.**

Dated:  December 9, 2010             /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE

PDF created with pdfFactory trial version www.pdffactory.com