# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LYNN WRIDE,<br><br>    Plaintiff,<br><br>    v.<br><br>FRESNO COUNTY, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:05-cv-00486-AWI-SKO PC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT, DIRECTING CLERK'S OFFICE TO FILE COMPLAINT, AND REQUIRING PLAINTIFF TO NOTIFY COURT REGARDING SERVICE OF PROCESS<br><br>(Doc. 100)<br><br>TEN-DAY DEADLINE |

**Order on Plaintiff's Motion to Amend**

**I.    Procedural History**

Plaintiff James Lynn Wride, proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 13, 2005. At the time he brought suit, Plaintiff was incarcerated at the Fresno County Jail and his allegations related to an incident on or around June 1, 2004, in which he was beaten and injured by deputies, and a second incident on July 29, 2004, in which he was moved from the medical unit of the jail to general population via wheelchair, shortly after which he fell from the middle bunk and broke his leg in five places. The Court screened Plaintiff's complaint and dismissed it, with leave to amend, on November 27, 2006, for failure to comply with Federal Rule of Civil Procedure 8(a) and for failure to properly link the parties involved to the violations at issue. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e).

///

///

1    Plaintiff filed a first amended complaint on January 3, 2007, and prior to it being screened by the Court, he sought leave to file a second amended complaint. Plaintiff's motion was granted and he filed a second amended complaint on October 9, 2007.

On March 20, 2008, the Court found that the second amended complaint stated cognizable claims for relief for excessive force and denial of medical care. The involved officers were unidentified and the Court ordered Plaintiff to provide information on their identities so that the United States Marshal could be directed to initiate service of process.

After obtaining several lengthy extensions of time, Plaintiff was unable to provide further information and on September 29, 2009, the Court found good cause to open discovery for the limited purpose of identifying the Doe defendants. On September 21, 2010, attorney William L. Schmidt substituted in as counsel of record for Plaintiff, and on September 23, 2010, the Court discharged its order of September 29, 2009, again opened early discovery for the limited purpose of identifying the Doe defendants, and ordered Plaintiff to file a status report on or before January 15, 2011.

On December 8, 2011, the Court approved the protective order stipulated to by Plaintiff and the County of Fresno ("County"), which was making a special appearance to facilitate limited discovery. Plaintiff filed a status report on January 21, 2011, and March 11, 2011, he filed a motion seeking leave to file a third amended complaint to add claims for violation of the Americans with Disabilities Act (ADA) and negligence under California law. The County, again making a limited special appearance, filed an opposition on March 16, 2011, and Plaintiff filed a reply on March 23, 2011. This action was reassigned to the undersigned on March 23, 2011, and for the reasons that follow, Plaintiff's motion to amend shall be granted.

**II.   Discussion**

    **A.   Legal Standard**

Plaintiff has amended once as a matter of course and therefore, he must obtain leave of court to amend. Fed. R. Civ. P. 15(a). Rule 15 provides that "courts should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Public policy strongly encourages courts to permit amendments and the policy favoring leave to amend is applied with extreme liberality. Waldrip v.

Hall, 548 F.3d 729, 732 (9th Cir. 2008) (quotation marks omitted); also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001); Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

In determining whether to grant leave to amend, courts generally consider four factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. In re Korean Airlines Co., Ltd., 642 F.3d 685, 701 (9th Cir. 2011) (citing Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)) (quotation marks omitted); also Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227 (1962); Waldrip, 548 F.3d at 732; AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006); Eminence Capital, LLC, 316 F.3d at 1052. Prejudice to the opposing party carries the greatest weight, and absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to amend. Eminence Capital, LLC, 316 F.3d at 1052 (quotation marks omitted). Here, the County opposes Plaintiff's motion on the grounds that the amendments are futile, there was undue delay in bringing the motion, and there exists prejudice to the defendants.

**B.     Futility of Amendment**

It is well established that the Court may deny leave to amend if amendment would be futile. Nordyke v. King, 644 F.3d 776, 788 n.12 (9th Cir. 2011); Serra v. Lapin, 600 F.3d 1191, 1200 (9th Cir. 2010); Gardner v. Martino, 563 F.3d 981, 990-92 (9th Cir. 2009); Deveraturda v. Globe Aviation Security Services, 454 F.3d 1043, 1046 (9th Cir. 2006); Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1061 (9th Cir. 2004); Saul v. U.S., 928 F.2d 829, 843 (9th Cir. 1991). Evaluating whether a proposed amendment is futile requires the Court to determine whether the amendment would withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and in making this evaluation, the Court is confined to review of the proposed amended pleading. Nordyke, 644 F.3d at 788 n.12 (citing Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) and Ashcroft v. Iqbal, __ U.S. __, __, 129 S.Ct. 1937, 1949 (2009)).

///

///

### 1. **ADA Claim**

#### a) <u>Failure to State a Claim</u>

The County argues that Plaintiff's allegations do not state a claim under the ADA because his allegations do not indicate that (1) he was disabled within the meaning of the statute, (2) he was denied the benefits of any services, programs, or activities based on his disability, or (3) anyone acted with deliberate indifference. In reply, Plaintiff contends that he has alleged the injuries he sustained in the beating resulted in his need for a wheelchair and that he continues to suffer pain and require the use of a cane; the failure of the County to provide him with an accessible bunk falls within the scope of ADA-covered services, programs, or activities; and the failure of the County to accommodate his disability after being placed on notice meets the deliberate indifference standard.

##### 1) **Elements of an ADA Claim**

Title II of the ADA prohibits discrimination by public entities on the basis of disability, and it applies to inmates. <u>Pennsylvania Dept. of Corrections v. Yeskey</u>, 524 U.S. 206, 208-13, 118 S.Ct. 1952 (1998); <u>Simmons v. Navajo County</u>, 609 F.3d 1011, 1021-22 (9th Cir. 2010); <u>Pierce v. County of Orange</u>, 526 F.3d 1190, 1214-15 (9th Cir. 2008). "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities; and (3) such exclusion or discrimination was by reason of [his] disability." <u>Lovell v. Chandler</u>, 303 F.3d 1039, 1052 (9th Cir. 2002).

##### 2) **Qualified Individual with a Disability**

A disability within the meaning of the ADA is defined, in relevant part, as a physical impairment that substantially limits one or more major life activities of the individual, and major life activities include standing and walking. 42 U.S.C. § 12102(1), (2); <u>Thompson v. Davis</u>, 295 F.3d 890, 896 (9th Cir. 2002). Under Title II, a qualified individual with a disability is "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the

///

participation in programs or activities provided by a public entity." 42 U.S.C. § 12131; Pierce, 526 F.3d at 1214 n.24.

Plaintiff alleges that on or around June 1, 2004, he was kicked and punched repeatedly by deputies and placed face-down on the cell floor, where an officer sat on his lower back and pulled his head and neck back until a distinctive cracking sound was heard, at which time Plaintiff experienced excruciating pain. Plaintiff was subsequently strapped into a restraint chair, which immobilized him. Immediately following these events, Plaintiff was unable to stand on his own and he was taken to the medical unit via wheelchair. Plaintiff remained in the medical unit until July 29, 2004, during which time he was unable to walk on his own and he required the use of a wheelchair. At the time Plaintiff was transferred from the medical unit to a general population cell, he had been wheelchair-bound for almost two months and he alleges that he continued to need a wheelchair because he was unable to walk on his own.

At the pleading stage, the Court declines to find that Plaintiff's allegations are insufficient to support a plausible claim that he had a disability within the meaning of the ADA or that he was a qualified individual under Title II. Iqbal, 129 S.Ct. at 1950; Hason v. Medical Board of California, 279 F.3d 1167, 1173 (9th Cir. 2002). To the extent that Plaintiff's physical impairment was so temporary as to exclude Plaintiff from qualification under the ADA, as the County maintains, that issue is not appropriately resolved at this stage in the proceedings. Hason, 279 F.3d at 1173; see also Sanders v. Arneson Products, Inc., 91 F.3d 1351, 1353-55 (9th Cir. 1996) (affirming district court's finding, on summary judgment, that temporary psychological impairment was not a disability under the ADA).

### 3) Denial of Benefit of Services, Programs, or Activities

The County is correct that the ADA does not offer redress for inadequate treatment of or care for a disability. Simmons, 609 F.3d at 1022 (citing Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996)); also Burger v. Bloomberg, 418 F.3d 882, 882 (8th Cir. 2005); Fitzgerald v. Corr. Corp. of Am., 403 F.3d 1134, 1144 (10th Cir. 2005). However, courts must construe the language of the ADA broadly in order to give effect to the ADA's remedial goals. Barden v. City of Sacramento, 292 F.3d 1073, 1076 (9th Cir. 2002) (citations omitted); Hason, 279 F.3d at 1172 (citations omitted).

In this Circuit, Title II of the ADA has been broadly construed as bringing within its scope anything a public entity does, and the focus of the inquiry is whether a particular public function is a normal function of the government entity rather than whether the function can be technically characterized as a service, program, or activity. <u>Barden</u>, 292 F.3d at 1076 (quotation marks and citations omitted); <u>Hason</u>, 279 F.3d at 1172-73 (citations omitted).

Here, despite Plaintiff's alleged inability to walk, he was taken to a general population cell by wheelchair, assigned an inaccessible middle bunk and left in the cell without a wheelchair. Plaintiff's two cellmates allegedly made his bed up for him and assisted him onto his bunk. A number of hours later, Plaintiff fell from the bunk when he was trying to get down to use the toilet and he broke his leg in five places.

The issue here is not the medical treatment provided to Plaintiff following the injuries he sustained in the beating or when he fell from his bunk. The issue is the placement of Plaintiff in a cell not equipped to accommodate a wheelchair-bound inmate. Given that the County is required to provide housing, including beds, for its inmates, the Court has little trouble concluding that at the pleading stage, Plaintiff's allegations are sufficient to a support a plausible ADA claim on the element of denial of the benefit of services, programs, or activities. <u>Barden</u>, 292 F.3d at 1076-77; <u>Hason</u>, 279 F.3d at 1172-73; <u>also</u> <u>Pierce</u>, 526 F.3d at 1216-22.

### 4) **Deliberate Indifference**

Finally, to recover monetary damages under Title II of the ADA, Plaintiff must prove intentional discrimination on the part of the defendant. <u>Duvall v. County of Kitsap</u>, 260 F.3d 1124, 1138 (9th Cir. 2001) (quotation marks and citation omitted). The standard for intentional discrimination is deliberate indifference, and where an entity has notice of the need for accommodation and fails to act, the deliberate indifference test has been met, so long as the failure to act is the result of more than negligence and involves an element of deliberateness. <u>Lovell</u>, 303 F.3d at 1056; <u>Duvall</u>, 260 F.3d at 1138-40.

At the time Sergeant Haagen arrived to move Plaintiff to general population, Plaintiff was housed in the medical unit and he was using a wheelchair. Plaintiff informed Sergeant Haagen that he required the use of a wheelchair and he was unable to walk. Sergeant Haagen transported

Plaintiff to his new cell by wheelchair and slid him from the chair to a seat. Plaintiff protested that he was unable to access the middle bunk to which he had been assigned. The inmate on the lower bunk offered to switch, but Sergeant Haagen insisted Plaintiff occupy the bunk to which he had been assigned. At this stage in the proceedings, these allegations are adequate to support a claim that the County was on notice as to Plaintiff's disability and the need for accommodation, but it failed to take appropriate action regarding his housing and bunk assignment.

### b) Claim Barred by Statute of Limitations

The County next argues that Plaintiff's ADA claim is barred by the statute of limitations. The ADA does not contain a specific statute of limitations and in resolving Plaintiff's motion to amend, the Court assumes without deciding that California's two-year personal injury statute of limitations applies. Cal. Civ. Proc. Code § 335.1; Pickern v. Holiday Quality Food, Inc., 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (assuming without deciding that California's personal injury statute of limitations applies to ADA claims); Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1135-36 (9th Cir. 2001) (noting without deciding that with rare exception, district courts apply California's personal injury statute of limitations to federal disability discrimination claims); see also Bridgewater v. Hayes Valley Ltd. Partnership, No. C 09-3551 PJH, 2009 WL 4050894, at *3 (N.D.Cal. Nov. 20, 2009) (applying California's two-year personal injury statute of limitations); Daubert v. Lindsay Unified School District, 1:09-cv-1463 OWW GSA, No. 2009 WL 3157511, at *3 (E.D.Cal. Sept. 28, 2009) (noting most courts apply California's personal injury statute of limitations); Wood v. Vista Manor Nursing Ctr., No. C 06-01682 JW, 2006 WL 2850045, *6 (N.D. Cal. Oct. 5, 2006) (applying California's personal injury statute of limitations to plaintiff's ADA and RA claims). Under certain circumstances, prisoners are also entitled to a two-year tolling provision and the Court assumes at this stage that Plaintiff benefits from that provision.[1] Cal. Civ. Proc. Code § 352.1.

---

[1] Prisoners serving a sentence of less than life are entitled to application of the tolling provision. Cal. Civ. Proc. Code § 352.1.

7

Thus, Plaintiff had approximately four years from July 29, 2004, within which to file suit.[2] Unless Plaintiff's third amended complaint relates back to an earlier timely-filed complaint, his claim is barred by the statute of limitations.

The County argues that relation back is inapplicable because Plaintiff did not allege the failure to accommodate a disability in his prior pleadings and he instead alleged a deliberate indifference claim under the Fourteenth Amendment. The County further argues that the Fourteenth Amendment claim was dismissed by the Court on March 20, 2008.

An amendment to a pleading relates back to the original pleading when the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set out, or attempted to be set out, in the original pleading. Fed. R. Civ. P. 15(c)(1) (quotation marks omitted). Under California law, "'[t]he relation-back doctrine requires that the amended complaint must (1) rest on the same general set of facts, (2) involve the same injury, and (3) refer to the same instrumentality.'" Branick v. Downey Sav. And Loan Ass'n, 39 Cal.4th 235, 244 (Cal. 2006) (quoting Norgart v. Upjohn Co., 21 Cal.4th 383, 408-09 (Cal. 1999)). In the furtherance of justice, amendments are to be liberally permitted at any stage of the proceedings. Rowland v. Superior Court, 171 Cal.App.3d 1214, 1218 (Cal. Ct. App. 1985); Hirsa v. Superior Court, 118 Cal.App.3d 486, 488-89 (Ct. Cal. App. 1981).

The County sets forth no authority for its position that the dismissal of one legal claim precludes the application of relation back to a new legal claim based on the same operative facts. Further, the merits of the County's argument notwithstanding, this is not a consent case and at no time did the United States District Judge assigned to this case dismiss any claims or parties. Plaintiff's ADA claim is premised on the same event and relies upon the same general set of facts previously set forth in his complaints.[3] Accordingly, the Court finds that Plaintiff's ADA claim

---

[2] Under California law, the statute of limitations is equitably tolled while the administrative remedies are being exhausted and Plaintiff may be entitled to such tolling. McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 101 (Cal. 2008); Donoghue v. County of Orange, 848 F.2d 926, 930-31 (9th Cir. 1988); Addison v. State of California, 21 Cal.3d 313, 318, 146 Cal.Rptr. 224, 578 P.2d 941 (1978).

[3] The original, first amended, and second amended complaints were all timely filed with respect to Plaintiff's ADA claim.

relates back and is not barred by the statute of limitations. Norgart, Cal.4th at 408-09; Rowland, 171 Cal.App.3d at 1216-18; Hirsa, 118 Cal.App.3d at 488-89; also F.D.I.C. v. Jackson, 133 F.3d 694, 702 (9th Cir. 1998); Martell v. Trilogy Ltd., 872 F.2d 322, 323-24 (9th Cir. 1989).

### 2. Negligence Claim

The County argues that Plaintiff's negligence claim against Sergeant Haagen is barred because he failed to comply with the Government Claims Act, his negligence claim does not relate back, equitable estoppel and equitable tolling are inapplicable, and the County is immune from liability.

#### a) Futility

For the reasons that follow, the Court cannot find that it would be futile to allow Plaintiff to amend to allege a negligence claim.

##### 1) Government Claims Act Compliance

The Government Claims Act requires that a tort claim for damages against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board (the Board) no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 950-950.2. The Board has forty-five days to act on a claim, or an application for leave to file a late claim; and absent an extension by agreement, if the Board fails to act within forty-five days, the claim is deemed rejected, or the application is deemed denied, on the last day of the prescribed period. Cal. Gov't Code §§ 911.6, 912.4. Presentation of a written claim and action on or rejection of the claim by the Board are conditions precedent to suit. Cal. Gov't Code § 945.4; Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). Suit must be commenced not later than six months after the date the written notice is deposited in the mail, Cal. Gov't Code § 945.6(a)(1) (quotation marks omitted); Davenport v. Board of Trustees of State Center Community College District, No. 1:07-cv-00494 OWW SMS, 2008 WL 170876, at *12 (E.D.Cal. Jan. 18, 2008); Baines Pickwick Ltd. v. City of Los Angeles, 72 Cal.App.4th 298, 303 (Cal. Ct. App. 1999), and if written notice is not given, suit must

be commenced within two years from accrual, Cal. Gov't Code § 945.6; Davenport, 2008 WL 170876, at *12; Baines Pickwick Ltd., 72 Cal.App.4th at 303.

Here, Plaintiff filed an initial claim on or around January 19, 2005. Cal. Gov't Code § 911.2. Plaintiff was directed to amend his claim within fifteen days or it would be denied. Cal. Gov't Code § 910.8. Plaintiff amended his claim within fifteen days and on February 18, 2005, it was returned without action for failure to present the claim within six months of the event at issue. Cal. Gov't Code § 911.3(a). In accordance with section 911.3(a), the notice informed Plaintiff that his only recourse was to apply for leave to present a late claim. Id. On February 28, 2005, Plaintiff filed both a revised claim with the County and a timely application for leave to file a late application. Cal. Gov't Code §§ 910.6, 911.4. Plaintiff then filed suit on April 13, 2005. On May 6, 2005, a notice denying Plaintiff's claim was mailed, and on or around June 7, 2005, the County denied Plaintiff's application for leave to file a late claim.

It is unclear which might ultimately be found to be the operative event(s) here, but it is clear that the issue may not be resolved at a stage in which the Court is confined to the pleadings, particularly on a motion to amend. While the Court notes that Plaintiff filed suit prior to the expiration of the forty-five day response period, given the potential applicability of substantial compliance, the Court declines to find at this stage that the premature filing of this action precludes Plaintiff's negligence claim. See Roberson v. Hedgpeth, No. CV 1-08-668-DGC, 2009 WL 3634193, at *1-2 (E.D.Cal. Oct. 30, 2009) (finding substantial compliance and denying the defendants' motion to dismiss where the plaintiff prematurely filed suit on the forty-fourth day); Bodde, 32 Cal.4th at 1243-44 (noting courts have refused to dismiss where the plaintiffs timely filed claims but filed suit prematurely).

Assuming compliance with the Government Claims Act, the issue becomes whether Plaintiff's proposed negligence claim is time barred. Plaintiff had six months to file suit. Whether the operative event was the rejection notice or the denial of his application for leave to file a late claim, Plaintiff's first and second amended complaints were filed well more than six months later. Thus, for Plaintiff's negligence claim to be timely, it must relate back to his original complaint.
///

Plaintiff was proceeding pro se at the time and as a result, his original complaint lacks the substance and organization that it might otherwise have had. However, it does set forth the very facts which form the basis of Plaintiff's proposed negligence claim. It also identifies Sergeant Haagen as the individual who moved Plaintiff from the medical unit to a triple bunk cell in the main jail where Plaintiff was assigned the middle bunk. Plaintiff describes what occurred, including the injury he sustained when he fell from the middle bunk and broke his leg in five places, and the complaint alleges that Plaintiff broke his leg due to the negligence of jail staff. The Court finds that Plaintiff's negligence claim is based on the same general set of facts and it therefore relates back to the original, timely-filed complaint.[4] Norgart, Cal.4th at 408-09; Rowland, 171 Cal.App.3d at 1216-18; Hirsa, 118 Cal.App.3d at 488-89.

### 2) **Immunity**

Finally, the County argues that Sergeant Haagen is immune from liability under California Government Code § 945.6 and the County is therefore also immune.

Prison personnel have a statutory duty to summon medical care, and they may be held liable if they know or have reason to know that a prisoner is in need of immediate medical care, but they fail to take reasonable action to summon such care. Cal. Gov't Code § 845.6; Lucas v. County of Los Angeles, 47 Cal.App.4th 277, 288 (Cal. Ct. App. 1996); Watson v. State, 21 Cal.App.4th 836, 841 (Cal. Ct. App. 1993); Zeilman v. County of Kern, 168 Cal.App.3d 1174, 1185-86 (Cal. Ct. App. 1985). To state a claim for violation of section 845.6, the plaintiff "must establish three elements: (1) the public employee knew or had reason to know of the need (2) for immediate medical care, and (3) failed to reasonably summons such care." Jett v. Penner, 439 F.3d 1091, 1099 (9th Cir. 2006). "Liability . . . is limited to serious and obvious medical conditions requiring immediate care," Watson, 21 Cal.App.4th at 841 (citations omitted), and the "section does *not* impose a duty to monitor the quality of care provided," Jett, 439 F.3d at 1099 (emphasis added).

---

[4] In light of this finding, the Court does not reach the County's arguments regarding equitable estoppel and equitable tolling. The Court notes that resolution of such issues is usually not appropriate at the pleading stage in any event. Cervantes v. City of San Diego, 5 F.3d 1273, 1276 (9th Cir. 1993) ("California's fact-intensive test for equitable tolling is more appropriately applied at the summary judgment or trial stage of litigation.")

Given the elements of a section 845.6 claim, the County correctly argues that the facts alleged do not support such a claim. However, Plaintiff is alleging a negligence claim against Sergeant Haegan, not a section 845.6 claim, and a public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). Accordingly, the Court rejects the argument that Plaintiff's negligence claim against Sergeant Haagen is barred.

### C. Undue Delay in Bringing Motion

The County argues that Plaintiff should not be permitted to file a third amended complaint because of undue delay.

Plaintiff was proceeding pro se during the majority of the time this action has been pending and his original, first amended, and second amended complaints are substantially similar in that they set forth the facts which Plaintiff believes show a violation of his rights, but they do not clearly and with precision lay out the legal bases for Plaintiff's claims. After obtaining an attorney, Plaintiff commenced with early limited discovery to ascertain the identities of the Doe defendants and soon thereafter sought leave to amend. Undue delay alone is insufficient to justify denial of a motion to amend, Owens, 244 F.3d at 712; Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999), but in any event, the Court finds that Plaintiff did not unduly delay seeking leave to amend under the circumstances.

### D. Prejudice to Defendants

Finally, the County argues that it will be prejudiced by the amendment. Although this case has been pending for more than six years, procedurally it is still in the early stages. Process has not been served and, necessarily, there has been no discovery between the parties, other than very limited early discovery confined to that necessary to identify the Doe defendants. Plaintiff's proposed amendment will not cause any additional delay in the proceedings and it will not cause the County to incur any additional litigation expenses. Owens, 244 F.3d at 712 (amendment caused no delay and required no additional discovery); Lockheed Martin Corp. V. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999) (need to reopen discovery would delay the proceedings and cause

prejudice); Solomon v. North American Life and Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998) (motion to amend on the eve of the discovery deadline would cause undue delay and prejudice). Therefore, the Court finds that there is no prejudice in allowing Plaintiff to amend.

### III. Conclusion and Order

For the reasons set forth herein, the Court finds that Plaintiff's proposed amendments are not futile, there was no undue delay, and Defendants will not be prejudiced. Plaintiff's motion to amend shall be granted and this action shall proceed on the third amended complaint.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion to file a third amended complaint, filed on March 11, 2011, is GRANTED;

2. The Clerk's Office shall file the third amended complaint, lodged on March 11, 2011; and

3. Plaintiff's counsel shall notify the Court within **ten (10) days** whether he intends to have service of the third amended complaint effected or whether he wants the Court to order the United States Marshal to effect service.[5]

IT IS SO ORDERED.

Dated:   October 17, 2011              /s/ Sheila K. Oberto
                                       UNITED STATES MAGISTRATE JUDGE

---

[5] The Court suggests that it may be best serve the resources of all involved if Plaintiff's counsel and the County's counsel are able to reach an agreement regarding the appearance of defense counsel on behalf of the County and its employees. However, the County is not required to waive formal service as outlined in Federal Rule of Civil Procedure 4 and should it decline to do so, Plaintiff is entitled to service by the Marshal in light of his in forma pauperis status. 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).