# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES LYNN WRIDE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>FRESNO COUNTY, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-00486-AWI-SKO<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED<br><br>(Doc. 116)<br><br>FIFTEEN-DAY OBJECTION PERIOD |

**Findings and Recommendations Addressing Motion to Dismiss**

I. **Procedural History**

Plaintiff James Lynn Wride, a state prisoner, filed this civil action on April 13, 2005. This action for damages is proceeding on Plaintiff's third amended complaint against Defendants County of Fresno, Burrows, Heggen, Kamlade, Snyder, and Sutakul for violation of Plaintiff's civil rights while he was incarcerated at the Fresno County Jail. Plaintiff alleges claims for relief pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 12132, and California tort law.

On January 24, 2012, Defendants filed a motion to dismiss for failure to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). Plaintiff filed an opposition on February 16, 2012, and Defendants filed a reply on February 27, 2012. The matter was taken under submission pursuant to Local Rule 230(g).

II. **Legal Standard**

Pursuant to the Prison Litigation Reform Act of 1995 (PLRA), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

1

confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory under the PLRA and unexhausted claims cannot be brought in court. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006).

The failure to exhaust in compliance with the PLRA is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

### III. Discussion

#### A. Summary of Defendants' Position

##### 1. Grievance Procedure

During the time period at issue, the Fresno County Jail had an inmate grievance process in place. (Doc. 117, Ramey-Cross Dec., Ex. A, pp. 1-8.) The policy provided in relevant part, "Inmates who wish to grieve a condition of confinement may submit an Inmate Grievance Form (J-105) within fourteen (14) days from the date of the incident relating to the grievance." (Id., p. 1.) "The officer who provides the Grievance Form to the inmate shall determine if the inmate's grievance can be resolved at that time by taking the appropriate action." (Id., p. 2.) "If the grievance cannot be resolved at line staff level, the inmate shall be provided with an Inmate Grievance Form." (Id.) "The officer who accepts the completed Inmate Grievance Form shall" ensure it is properly completed and determine if the grievance can be resolved. (Id.) If it cannot, the next level of review is conducted by a lieutenant or unit supervisor, followed by the Bureau Commander's final review. (Id., pp. 2-5.)

///
///

### 2. Effect of Untimely Grievance Submission

Plaintiff alleges that on June 1, 2004, jail staff used excessive physical force against him and seriously injured him, resulting in his placement in the medical unit of the jail. (Doc. 106, Third Amend. Comp; Doc. 118, Weldon Dec., Ex. A.) On July 29, 2004, Plaintiff alleges that he was removed from the medical unit where he had been housed and returned to general population, a move contraindicated by his physical condition, and he fell and broke his leg as a result of his improper transfer to general population. (Third Amend. Comp.; Motion, Dec. of Weldon, Ex. A.) On February 15, 2005, Plaintiff submitted two grievances regarding the incidents on June 1, 2004, and July 29, 2004, both of which Plaintiff signed on February 4, 2005. (Dec. of Weldon, Ex. A.) Although untimely under the jail's policy, the grievances were nevertheless accepted for review, investigated at each level, and found to be unsustained. (Id.)

Defendants contend that Plaintiff failed to properly exhaust the administrative remedies because he did not submit the grievances within fourteen days of the events being appealed, in compliance with the jail's policy. Woodford, 548 U.S. at 90. Defendants contend that because the grievances were untimely, they were not properly exhausted under Woodford and dismissal of Plaintiff's claims is mandated, regardless of the acceptance of the grievances for review by jail staff.

Defendants also argue that even if the Court finds that the timeliness defense was waived by the jail's acceptance of the grievances, Plaintiff's second grievance did not suffice to exhaust Plaintiff's Americans with Disabilities Act (ADA) claim because it did not mention Defendant Heggen as a responsible party.

### B. Summary of Plaintiff's Position

Plaintiff argues that although his grievances were untimely at submission, they were nonetheless accepted for review and each received a decision on its merits at each level of process. Plaintiff contends that since he completed the grievance process on the merits, he exhausted, notwithstanding the initial untimeliness of his grievances.

With respect to his ADA claim, Plaintiff argues that in his third amended complaint, he alleges that he complained verbally to Defendant Heggen about being returned to general population and Defendant told him that his orders were to move Plaintiff. Plaintiff contends that he was left

with the impression that it was the jail doctors who instructed that he be moved and he therefore filed a grievance directed at the basis for that decision.

**C.     Findings**

**1.     Acceptance of Untimely Grievances for Review**

The PLRA requires proper exhaustion, which demands compliance with an agency's deadlines and other critical procedural rules, Woodford, 548 U.S. at 90 (quotation marks omitted), and prisoners may not satisfy the PLRA by filing untimely or otherwise procedurally defective appeals, id. at 83-84 (quotation marks omitted); Sapp v. Kimbrell, 623 F.3d 813, 821 (9th Cir. 2010); Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009). The procedural rules are defined by the institution's grievance procedure and not by the PLRA; therefore, all that is required to properly exhaust under the PLRA is compliance with the institution's grievance procedure. Jones, 549 U.S. at 218; Sapp, 623 F.3d at 821; Griffin, 557 F.3d at 1119.

The doctrine of exhaustion protects administrative agency authority by giving the agency an opportunity to correct its own mistakes before being haled into court and it discourages disregard of the agency's procedures. Woodford, 548 U.S. at 89 (quotation marks and citations omitted). Exhaustion also promotes efficiency because claims can generally be more quickly and economically resolved before an agency. Id. (quotation marks and citations omitted). The primary purpose of a grievance is to alert the institution to a problem and facilitate its resolution, not lay groundwork for litigation. Griffin, 557 F.3d 1120.

In Woodford, the inmate's grievance was rejected by prison officials as untimely because it was not filed within the requisite fifteen-day time period provided for in the applicable state regulation, and the inmate argued that because there were no longer any administrative remedies available to him, he exhausted. Woodford, 548 U.S. at 86-88. This argument was rejected by the Supreme Court, as the inmate failed to comply with the fifteen-day procedural requirement, thereby causing the process to be unavailable, and that failure was not overlooked or otherwise excused by prison officials. Here, in contrast, Plaintiff's grievances were accepted for review and processed on their merits, despite being submitted beyond the fourteen-day period; they were substantively reviewed and decided at each level of review.

4

Although Defendants argue that Woodford cannot be distinguished on the ground that it involved an inmate whose appeals were rejected as untimely following his late appeal submission, the Court disagrees. The facts cannot be divorced from the holding in Woodford and the Court does not read the Woodford decision as broadly holding that *any* procedural defect precludes "proper exhaustion," *regardless* of what the agency chooses to do about that defect. As stated by another court faced with this argument, such a "stringent reading of Woodford . . . does not seem to comport with the Court's reasoning and concern. . . ." Holcomb v. Director of Corr., No. C-03-02765 RMW, 2006 WL 3302436, at *4 (N.D. Cal. Nov. 14, 2006). Indeed, the concern was with aggrieved parties who did not want to exhaust finding ways to circumvent the process, thereby denying "the agency a fair and full opportunity to adjudicate their claims." Woodford, 548 U.S. at 89-91.

The Court does not find persuasive Defendants' argument that a finding of exhaustion in this situation is contrary to the requirement that "proper exhaustion" occur. Defendants have submitted no authority for the proposition that jail officials lack the discretion to accept a late grievance and consider it on its merits, thereby procedurally barring an untimely grievance regardless of jail officials' decision to consider it. Notably, the jail's policy itself is silent regarding the acceptance or rejection of grievances submitted beyond the fourteen-day time period, as is the grievance form. (Ramey-Cross Dec., Ex. A, pp. 1-8; Weldon Dec., Ex. A.)

Jail officials elected to consider Plaintiff's untimely grievances on their merits and in doing so, the purpose underlying the exhaustion requirement was served: the agency had notice and an opportunity to resolve the grievances. Jones, 549 U.S. at 203-04; Woodford, 548 U.S. at 89-90; Sapp, 623 F.3d at 823; Nunez v. Duncan, 591 F.3d 1217, 1223 (9th Cir. 2010). By accepting the grievances for review and issuing decisions on their merits at each level of review, Defendants cannot now claim that Plaintiff failed to exhaust the grievance process provided by the jail.[1]

---

[1] As Defendants argue, the Court is not bound by other district court decisions, and it does not rely on them to reach its decision in this case. It is worth noting, however, that the weight of district court caselaw favors the result reached herein. E.g., Cota v. Scribner, No. 09cv2507-BEN (BLM), 2010 WL 5093524, at *5 (S.D. Cal. Nov. 10, 2010), report and recommendation adopted in full, 2011 WL 666891 (S.D. Cal. Feb. 14, 2011); McCarter v. California Dept. of Corr. & Rehab., No. CV 08-00257 VAP (FMO), 2009 WL 2049359, at *8 (C.D. Cal. Jul. 9, 2009); Mennick v. Smith, No. CV 08-161-S-BLW, 2009 WL 1783505, at *2-3 (D. Idaho Jun. 20, 2009); Broder v. Corr. Med. Svcs., Inc., No. 03-75106, 2008 WL 704229, at *2 (E.D. Mich. Mar. 14, 2008); Holcomb, 2006 WL 3302436, at *4; Jones v. Stewart, 457 F.Supp.2d 1131, 1134 (D. Nev. Oct. 4, 2006).

Accordingly, the Court finds that Plaintiff's grievances were exhausted.

## 2. Sufficiency of Grievance Relating to ADA Claim

An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." Sapp, 623 F.3d at 822-23. "[T]he prisoner need only provide the level of detail required by the prison's regulations," id. (citations and internal quotation marks omitted), and the jail policy provides only that inmates who wish to grieve a condition of confinement may submit a grievance form relating to the grievance. (Ramey-Cross, Ex. A., p. 1.) While the standard provides a low floor, it advances the primary purpose of a grievance, which is to notify the prison of a problem. Griffin, 557 F.3d at 1120 (quotation marks and citations omitted). Thus, Plaintiff's grievance sufficed if it alerted the jail to the nature of the wrong for which redress is now sought. Sapp, 623 F.3d at 824 (quotation marks omitted).

In his grievance, which named Dr. Bachir or Dr. Bird, Plaintiff wrote, unedited:

> I would like to know why you had me removed from the medical floor on the date of 7-29-04. Without even checking my condishion, regarding my injury's obtained upon arriveing into the Fresno County Jail, do to your negligents I sufferd a broken leg, that coused me great pain, and resolted in me having a 16'' titanium rod put in my leg, do to your unprofeseshal choice, I will suffer for the rest of my life, in many ways, please explain why, thank you,

(Weldon Dec., Ex. B.)

Plaintiff's ADA claim arises out of his transfer from the medical unit to general population, where he alleges he was improperly housed. Plaintiff alleges that following the incident of force on June 1, 2004, he was housed in the medical unit until July 29, 2004. During his entire stay in the

---

Regarding Frank v. Pasha, No. CV 08-77-H-DWM-RKS, 2010 WL 3614131, at *2 n.1 (D. Mont. Sept. 8, 2010), cited by Defendants as a decision declining to follow Jones v. Stewart, the district court found no error in the Magistrate Judge's finding that the inmate failed to exhaust despite the prison's response on the merits to his untimely grievance. However, in Frank, the Magistrate Judge found that the "[d]efendants should not be held to have waived their timeliness objection, because of Mr. Frank's own bad faith and unclean hands." Frank v. Pasha, No. CV 08-77-H-DWM-RKS, 2010 WL 3614099, at *5 (D. Mont. Jul. 13, 2010).

In that case, the plaintiff escaped from the prison-operated ranch at which he had been assigned and the five-day timeframe within which to submit a grievance expired between his escape and his capture. Frank, 2010 WL 3614099, at *1-4. Following his apprehension, the plaintiff filed a grievance complaining about the conditions to which he had been exposed while working on the ranch. Id. Here, there is no evidence that Plaintiff acted in bad faith or had unclean hands, and the Court does not read Frank as broadly holding that an untimely grievance accepted and reviewed on the merits by prison officials can never satisfy the exhaustion requirement. Rather, prison officials did not waive their timeliness objection in that case given that the inmate acted in bad faith and had unclean hands. Id. at *5.

6

medical unit, Plaintiff alleges that he was unable to walk on his own and he was provided with a wheelchair.

On July 29, 2004, Defendant Heggen told Plaintiff to gather his belongings. After Plaintiff protested that he had not been given medical clearance for general population and still needed a wheelchair, Defendant Heggen left for a brief time and upon returning, told Plaintiff that it did not matter if he had been checked out by a doctor or not; he had orders to move Plaintiff and he was going to do so. Thereafter, Plaintiff was transported to a general population cell, assigned to a middle bunk, and left there without his wheelchair. Defendant Heggen refused to assign Plaintiff a more accessible bunk despite Plaintiff's protest and despite the offer to switch by the cellmate with the lower bunk. Plaintiff was assisted onto the middle bunk by his two cellmates, but he later fell from the bunk when he was trying to descend to use the toilet during a time when he was alone in the cell. Plaintiff broke his left leg in five places and ultimately required surgery.

Plaintiff was not required, under the jail's policy or under the law, to specifically identify his legal claims or to do more than briefly describe his grievance. Thus, the question is whether Plaintiff's description of his grievance was sufficient to alert the jail as to the nature of the wrong for which he now seeks redress: the allegedly improper transfer of Plaintiff from the medical unit to general population, despite his injuries and need for a wheelchair.

The Court finds that given the factual basis for Plaintiff's ADA claim, his grievance was sufficient because it provided notice to the jail of Plaintiff's contention that he was removed from the medical unit without an evaluation of the injuries he previously sustained and as a result of that decision, he suffered a broken leg. Sapp, 623 F.3d at 824; Griffin, 557 F.3d at 1120; cf. McCollum v. California Dep't of Corr. & Rehab., 647 F.3d 870, 876 (9th Cir. 2011) (while inmates' grievances provided notice of failure to provide for certain general Wiccan religious needs and free exercise, they were not sufficient to place prison on notice that the chaplaincy-hiring program itself was the problem); Morton, 599 F.3d at 946 (appeal grieving prison's decision to deny visitation with minors did not place prison on notice of the plaintiff's claim that staff conduct contributed to a prior assault on him by inmates). While the grievance does not mention discrimination based on disability or placement in a cell not equipped for a disabled inmate, that level of specificity was not required.

1 The grievance form does contain a space for involved employees' names and Plaintiff did not include Defendant Heggen, but the policy was no more specific than that and as previously stated, the purpose of a grievance is not to lay the groundwork for future litigation but to allow the jail a full and fair opportunity to address the issue. Sapp, 623 F.3d at 824; Griffin, 557 F.3d 1120. Plaintiff's grievance accomplished that by placing the jail on notice that he had been, in his opinion, improperly removed from the medical unit without an evaluation of his condition and he suffered an injury as a result. This is minimally sufficient to notify the jail of an improper housing assignment involving an inmate with pre-existing injuries and who subsequently sustained additional injuries.

**IV.     Recommendation**

For the reasons set forth above, the Court finds that Plaintiff exhausted the administrative remedies in compliance with the PLRA. Accordingly, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss for failure to exhaust, filed on January 24, 2012, be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 19, 2012**                                /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE